UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

Lorna Lable,

    Plaintiff,

-against-

Equity-League Pension Trust Fund,

    Defendant.

----------------------------------------X

JUDGE HOLWELL

NOTICE OF REMOVAL

ECF Civil Action No. 05 CV 5451



TO: The Honorable Judges of the
United States District Court
for the Southern District of New York

The Equity-League Pension Trust Fund (hereafter the "Fund"), by and through its attorneys, Spivak, Lipton, Watanabe, Spivak, Moss & Orfan LLP, respectfully says:

1. Upon information and belief, Plaintiff Lorna Lable commenced the above-captioned action on or about May 12, 2005 in the Supreme Court of the State of New York, County of New York by purchasing an Index Number in <u>Lorna Lable v. Equity-League Pension Trust Fund</u>, Index No. 05-106608.

2. On or about May 26, 2005, Plaintiff served upon Defendant a copy of the Summons and Complaint in the action.

3. A copy of the foregoing papers, which constitute all of the processes and pleadings to date, are annexed hereto as Exhibit A.

4. Plaintiff Lorna Lable is a natural person who, upon information and belief, resides in New York County in the City and State of New York.

5. The above-captioned action is a civil action arising under the laws of the United States, specifically, under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., the subject matter of which this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(a). Plaintiff, a participant in an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(7), 1132(a)(1), brought this action to recover certain pension benefits allegedly due to her from the Fund, which is a plan within the meaning of 29 U.S.C. §§ 1002(2)(A), (3). Such action, which relates to an employee benefit plan within the meaning of 29 U.S.C. § 1144(a) arises under and is preempted by ERISA. Thus, this Court has concurrent jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1).

7. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

8. Upon the filing of this Notice of Removal, the Defendant shall give written notice thereof to Plaintiff's attorneys, Blau & Barrows, Esqs. at 300 Park Avenue, Suite 1700, New York, New York 10022, and shall file copies of said Notice and Notice of Filing of Notice of Removal with the Clerk, Supreme Court of the State of New York, County of New York.

9. By filing this Notice, Defendant does not waive any defenses which may be available to it.

WHEREFORE, Defendant removes the above-captioned action now pending against it in the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, wherein it shall proceed as an action originally commenced therein.

Respectfully submitted,

SPIVAK, LIPTON, WATANABE,
SPIVAK, MOSS & ORFAN LLP
Attorneys for Defendant
1700 Broadway, 21st Floor
New York, New York 10019
(212) 765-2100

By: _____
Gillian Costello (GC 0151)

Dated: New York, New York
June 8, 2005

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
LORNA LABLE

                              Plaintiff,                Index Number: 05-106608

               -- against --

EQUITY-LEAGUE PENSION TRUST FUND

                              Defendant.
-----------------------------------------------------------x

===============================================================

## SUMMONS AND COMPLAINT

===============================================================

Blau & Barrows, Esqs.
300 Park Avenue
Suite 1700
New York, New York 10022
(212) 572-6363

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x

LORNA LABLE

                      Plaintiff,                  Index Number: 05-106608
                                                              Date Purchased: 5/12/05

        -- against -                           **SUMMONS**

EQUITY-LEAGUE PENSION TRUST FUND

                      Defendant.
-----------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: April 26, 2005

Blau & Barrows
Attorneys for Plaintiff
300 Park Avenue - Suite 1700
New York, NY 10022
212-572-6363

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x

LORNA LABLE

                      Plaintiff,         Index Number: 05-106608
                                         Date Purchased: 5/12/05

      -- against --                    **VERIFIED COMPLAINT**

EQUITY-LEAGUE PENSION TRUST FUND

                      Defendant.

------------------------------------------------------------x

Plaintiff, by her attorneys, Blau & Barrows, as and for her Verified Complaint, respectfully alleges:

1. At all times hereinafter mentioned, Plaintiff was and still is a resident of New York County.

2. Upon information and belief and at all the times hereinafter mentioned, Defendant had its principal place of business in New York County.

3. As a result of certain agreements between Actors' Equity Association and the Defendant, Equity-League Pension Trust Fund, persons who work in the legitimate theatre are entitled to receive pensions if they meet the qualification prerequisites.

4. Since in or about the year 1990, Plaintiff has been a member of Actors' Equity Association.

5. As a member of Actors' Equity Association, Plaintiff has met the qualification prerequisites and is, therefore, entitled to a pension.

6. Plaintiff duly applied for pension benefits to the Defendant.

7. The Defendant has made a pension proposal to Plaintiff but, said proposal is inaccurate and incorrect.

8. Plaintiff has demanded that Defendant correct its records and calculation, but, Defendant has refused.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. That Plaintiff be awarded the pension benefit to which she is entitled.

2. That Plaintiff be paid all of the arrears for the period in which Defendant failed and refused to pay Plaintiff the pension benefits to which she is entitled.

3. That Plaintiff be awarded reasonable attorneys' fees for the prosecution of this action

4. That Plaintiff be awarded the costs and disbursements of this action.

Dated: New York, New York
April 26, 2005

Blau & Barrows
Attorneys for the Plaintiff
300 Park Avenue - Suite 1700
New York, NY 10022
(212) 572-6363
(212) 572-6433 Fax

## VERIFICATION

STATE OF NEW YORK     )
COUNTY OF NEW YORK    ) ss.:

    I, Lorna Lable, being duly sworn, say I am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

*/s/ Lorna Lable*

Lorna Lable

Sworn to before me this 26 day of April, 2005

*/s/ H. Blau*

NOTARY PUBLIC

HOWARD L. BLAU
Notary Public, State of New York
No. 02BL6017976
Qualified in New York County
Term Expires December 21, 2006